**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4590-16T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ANTHONY K. WHITE,

      Defendant-Appellant.

_____

Argued October 23, 2018 – Decided October 31, 2018

Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 11-10-2379.

Robert C. Pierce, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; William P. Welaj, of counsel and on the brief).

Nicole L. Campellone, Assistant Prosecutor, argued the cause for respondent (Damon G. Tyner, Atlantic County Prosecutor, attorney; Nicole L. Campellone, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Anthony K. White appeals from a May 11, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons stated by Judge Michael Blee in his cogent written opinion.

Because Judge Blee's opinion thoroughly and correctly addressed all of defendant's PCR issues, a brief summary will suffice. In July 2011, the police came to defendant's motel room in Atlantic City and learned that televisions had been stolen. A one-count indictment charged defendant with third-degree theft. The State extended a plea offer for defendant to plead to a disorderly person's offense. Defendant rejected the offer, but then tried to accept it on the day of the trial. By that time, the initial plea offer had been revoked. The prosecutor then extended an offer for defendant to plead to a fourth-degree offense. After the judge denied defendant a continuance to obtain new counsel, defendant accepted this offer, entered a guilty plea to fourth-degree theft, and received a six-month suspended sentence.

Defendant appealed and we affirmed defendant's sentence on an excessive sentence oral argument calendar. Defendant then filed a motion to withdraw his guilty plea. The trial court denied the motion, concluding that defendant failed

2

to "show a colorable claim of innocence" under State v. Slater, 198 N.J. 145 (2009). Defendant appealed but withdrew the appeal three months later. Defendant then filed the PCR petition under review. Judge Blee denied defendant's petition without an evidentiary hearing. This appeal followed.

On this appeal, defendant presents the following arguments:

> 1. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE WAS ENTITLED TO WITHDRAW HIS GUILTY PLEA ON THE BASIS HE HAD FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL, RESULTING IN A GUILTY PLEA WHICH HAD NOT BEEN FREELY, KNOWINGLY AND VOLUNTARILY ENTERED.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POSTCONVICTION RELIEF.
>
> B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO PRESENT ANY LEGAL ARGUMENT, LET ALONE A COGENT LEGAL ARGUMENT, WITH

RESPECT TO THE DEFENDANT'S DESIRE FOR A CONTINUANCE TO OBTAIN PRIVATE COUNSEL IN LIGHT OF UNEXPECTED DEVELOPMENTS IN HIS CASE.

C.   THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAULTY AND INACCURATE INFORMATION PROVIDED TO THE DEFENDANT ASSURING HIM THE STATE'S PLEA OFFER INVOLVING THE DISORDERLY PERSONS OFFENSE OF THEFT WOULD REMAIN AVAILABLE TO THE DAY OF TRIAL.

D.   THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF HER FAILURE TO PREPARE FOR TRIAL.

In his supplemental pro se brief, defendant raises an additional point:

I.   COUNSEL WAS NOT PREPARED FOR TRIAL, WHICH CAUSED HER TO REPRESENT THE DEFENDANT AT THE PLEA HEARING WHILE LABORING UNDER AN "ACTUAL CONFLICT OF INTEREST" THAT HAS ADVERSELY AFFECTED HER PERFORMANCE. THIS IS IN VIOLATION OF U.S. CONST. AMEND. VI AND THE DEFENDANT'S PLEA MUST BE VACATED.

4

Having reviewed the entire record presented to us, we conclude these arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).  We add the following comments.

A defendant's claim of ineffective assistance of counsel is considered under the standards established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).  The Strickland test applies to challenges to guilty pleas based on alleged ineffective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  A defendant must show that his attorney failed to provide advice that "was within the range of competence demanded of attorneys in criminal cases."  Id. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).  A defendant also must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id. at 59.

Here, defendant claims he should be permitted to withdraw his plea because his attorney was deficient and he was forced to enter the plea; however, this claim is nothing more than a bald assertion.  See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  Defendant argues his claim that his counsel did not adequately prepare for trial was sufficient to entitle him to an

A-4590-16T2

evidentiary hearing. However these claims were unsupported in the record and defendant offered provided no affidavit or certification to support this assertion. Nor does the record contain any evidence that defendant had a colorable claim of innocence.

As for defendant's argument that counsel misinformed him that the plea offer would remain available through trial, we agree with Judge Blee's assessment that "[r]egardless of conversations [defendant] may or may not have had with his trial counsel, he was made aware that by going on the trial list he was rejecting the plea offer . . . ." The status arraignment forms signed by defendant demonstrate he knew of the plea cut off and that he was rejecting an offer to plead to a disorderly person's offense. At his plea hearing, defendant did not dispute that the court had confirmed defendant's knowledge and understanding regarding his previous rejection of the State's plea offer.

As a result, there was no basis to hold an evidentiary hearing on his claims. State v. Preciose, 129 N.J. 451, 462-63 (1992); R. 3:22-10(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4590-16T2